Nicolette Glazer Esq. (CSBN 209713)
nicolette@glazerandglazer.com
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars East #800
Century City, California 90067
T:310-407-5353
F:310-407-5354

ATTORNEY FOR PETITIONER

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALONSO BENITEZ RAMOS<br>Plaintiff and Petitioner,<br><br>vs.<br><br>ACTING WARDEN of the Adelanto Detention Center; ERNESTO SANTACRUZ, JR., Director of the Los Angeles Field Office, United States Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General, United States Department of Justice; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; DAVID VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; and DOES 1-5<br><br>Defendants-Respondents | Case No.:<br><br>Hon:<br><br>**PETITION FOR A WRIT OF HABEAS CORPUS** |

//

//

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States; the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570 [hereinafter "INA"]; and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* [hereinafter "APA"].

2. This Court has further jurisdiction under 28 U.S.C. §§ 2241 and 2243; art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States based on a purportedly reinstated final order of removal, Exhibit C, and such custody is in violation of the Constitution, laws, or treaties of the United States.

3. This Court also may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. This Court has further remedial authority pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. The use of the Writ of Habeas Corpus to challenge detention by ICE is not foreclosed by the REAL ID Act. The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 (May 11, 2005), Title I, Section 106(c), amending INA §§ 242(a)(2)(A), (B), (C) and § 242(g), only deprives the district court of habeas jurisdiction to review orders of removal, not challenges to detention or the denial of constitutional rights. *See INS v. St. Cyr,* 533 U.S. 289, 364-65 (2001) ("The writ of habeas corpus has always been available to review the legality of executive detention.").

6. This Court could enjoin federal officials pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *See Philadelphia Co. v. Stimson*, 223 U.S. 605, 619–21 (1912) (applying *Ex Parte Young* to federal official); *Goltra v. Weeks*, 271 U.S. 536, 545 (1926) (same).

7. Plaintiff-Petitioner has exhausted all administrative remedies to the extent available and required by law.

8. Venue properly lies within the Central District of California because each named Defendant-Respondent is present in this district and a substantial part of the events or omissions giving rise to this action occurred and continue to occur in this District. *See* 28 U.S.C. § 1391(b). Petitioner is also currently detained within this district, to wit, at the Adelanto Detention Facility located at 10400 Rancho Road, Adelanto, CA 92301. See Exhibit F. Accordingly, the "restraint complained of" is occurring within the Court's territorial jurisdiction. *See* 28 U.S.C. § 2241(a).

9. No petition for habeas corpus has previously been filed in any court to review the named Plaintiff-Petitioner's detention.

**PARTIES**

10. Petitioner is a national and citizen of El Salvador who entered without inspection approximately 21 years ago. On or about 1 August 2026 he was detained without a probable cause, valid warrant, a notice, or an opportunity to be heard prior to deprivation of liberty. See Exhibit A.

11. The U.S. Department of Homeland Security ("DHS") is a cabinet department of the United States federal government with the primary mission of securing the United States.

12. ICE is an agency within DHS with the primary mission of arresting, detaining, and removing non-citizens physically present within the territory of the United States. ICE is also responsible for the custody and care of all detained non-citizens awaiting resolution of their immigration cases or removal after a final order of removal has been entered.

13. Defendant Markwayne Mullin is the Secretary for DHS. In this capacity, he has responsibility for the administration of immigration laws pursuant to 8 U.S.C. §1103(a), has authority over ICE and its field offices, and has authority to order the release of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Mullin was acting within the scope and course of his position as the Secretary for DHS. Defendant Mullin is sued in his official capacity.

14. Defendant Todd Blanche is the Acting Attorney General of the United States. In this capacity, Mr. Blanche currently oversees the immigration court system, including all immigration judges and the Board of Immigration Appeals, and has responsibility for the administration of immigration laws pursuant to 8 U.S.C. §1103(a), has authority over EOIR and all immigration judges, and has authority to order the release of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Blanch was acting within the scope and course of his position as the Acting Attorney General of the United States. Defendant Blanche is sued in his official capacity.

15. Defendant-Respondent David Venturella is the Acting Director and Senior Official Performing the Duties of the Director of ICE. Defendant Venturella is responsible for the implementation of all ICE's policies, practices, and procedures,

including those relating to the detention of non-citizens. Defendant Venturella is a legal and immediate custodian of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Venturella was acting within the scope and course of his position as an ICE official. He is sued in his official capacity.

16. Defendant Acting Warden is the warden of the Adelanto Detention Center in Adelanto, CA, where Plaintiff-Petitioner is currently detained. Defendant Acting Warden is the immediate and physical custodian of Plaintiff-Petitioner. He/she is sued in his/her official capacity.

17. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants-Respondents named herein as Does 1 through 5 are unknown to Plaintiff-Petitioner, who therefore sues said Respondents by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when ascertained. Does 1 through 5 are the immediate, physical custodians of Plaintiff-Petitioner.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

18. Petitioner is a 47-year-old national and citizen of El Salvador who entered without inspection on or about 15 April 2015 years ago. See Exhibit A.

19. Petitioner filed an affirmative asylum application with the USCIS and after an interview his application was referred to the EOIR in 2019. On or about 15 October 2019 Respondents initiation section 240 removal proceedings and charged respondent as removable pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), which deems inadmissible those "present without

being admitted or paroled who arrived at a place and time other than as designated by the Attorney General." See Exhibit B.

20. 5 September 2023 the Immigration Judge presiding over Petitioner's removal proceedings granted his *unopposed* motion to dismiss the removal proceedings. See Exhibit C.

21. On 1 August 2026 Petitioner drove his car to a nearby market to fill a DoorDash order when unmarked cars blocked him. See Exhibit A. Another DHS car hit his car intentionally from behind. *Id.* Respondents officers told Petitioner that he "had an arrest warrant". Id. They "didn't identify who they were and the cars were unmarked." Id. When Petitioner showed him his valid drivers license, Respondents immediately took his documents and handcuffed him. Id.

22. Petitioner asked Respondents to see the alleged arrest warrant, but received no response. He was summarily taken into custody without a probable cause, a notice, or an opportunity to establish that he is either a flight risk or a danger to anyone in a pre-deprivation hearing.

23. Respondents arrested Petition on the erroneous reading of the Laken Riley Act and based on a 2025 arrest under CPC 273.5(a) which did not result in either charges or conviction. See Exhibit C.

24. Respondents did not have an I-200 warrant for Petitioner's arrest at the time they took him into custody nor were they in possession of a lawfully issued Notice to Appear ("NTA").

25. On or about 3 August 2026 Respondents filed a post-dated NTA with the EOIR charging Petitioner as inadmissible pursuant to the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). See Exhibit F. Concurrently, they created I-200 and an I-213 forms without disclosing the true facts of the circumstances of Petitioner's arrest and detention.

26. Petitioner's custody status was summarily continued without individualized consideration.

27. During a section 1226(a) bond hearing Respondents continued to pursue detention under the Laken Riley Act. See Exhibit D.

28. At the section 1226(a) bond hearing Respondents refused to accord Petitioner his Maldona Bautista class membership benefits, including the proper allocation of the burden of proof. See Exhibit G.

## RELEVANT IMMIGRATION STATUTORY SCHEME

### Section 1225(b)(1) Expedited Removal Proceedings

29. The expedited removal process, created by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, is codified in INA § 235(b)(1), 8 U.S.C. §1225(b)(1). The INA permits the DHS to summarily remove non-citizens arriving at a designated U.S. port of entry ('arriving aliens') "without further hearing or review" if they are inadmissible either because they (1) lack valid entry documents, or (2) tried to procure their admission into the United States through fraud or misrepresentation. INA § 235(b)(1) also authorizes—but does not require—DHS to extend application of expedited removal to "certain other aliens" inadmissible on the same grounds if they (1) were not admitted or paroled into the United States by immigration authorities and (2) cannot establish at least two years' continuous physical presence in the United States at the time of apprehension.

30. Respondents have implemented expedited removal mainly for three overarching categories of aliens who lack valid entry documents or attempted to falsely procure admission: (1) arriving aliens (defined by regulation as aliens arriving at U.S. ports of entry); (2) aliens who entered the United States by sea without being admitted or paroled into the United States, and who have been in the country less than two years; and (3) aliens apprehended within 100 miles of the U.S. border within two years of entering the country, and who have not been admitted or paroled.

**31.** Petitioner was never subject to a section 1225(a) or (b) proceedings.

**Regular or 'Section 240' Removal Proceedings**

32. The second option for Respondents under the INA is to initiate what is commonly referred to as "section 240" proceedings, the standard mechanism for removing inadmissible noncitizens. Section 240 removal proceedings take place before an immigration judge (IJ), an employee of the Department of Justice who must be a licensed attorney and has a duty to develop the record in cases before them. 8 U.S.C. § 1229a(a)(1), (b)(1); 8 C.F.R. § 1003.10(a). These are adversarial proceedings in which the noncitizen has the right to hire counsel, file for all relief from removal within the jurisdiction of the immigration judge, examine and present evidence, and cross-examine witnesses. 8 U.S.C. § 1229a(b)(4). Section 240 proceedings typically take place over the course of multiple hearings., thus allowing time for individuals to gather and present evidence in support of petitions for relief available in immigration court (like

asylum, adjustment of status, cancellation of removal, etc.) and to seek collateral relief from other components of the Department of Homeland Security (like U and T visa). See 8 U.S.C. §§ 1229a(b)(4)(B), (c)(4), 1229b.

**33.** After an IJ renders a decision, either party may appeal to the Board of Immigration Appeals. 8 C.F.R. §§ 1240.15, 1003.1. If the Board upholds a removal order, the noncitizen can appeal that decision to a federal court of appeals via a petition for review. 8 U.S.C. § 1252.

**Immigration Detention**

**34.** The INA governs the use of immigration detention both pre- and post-final order. Post-final-order immigration detention is governed by 8 U.S.C § 1231(a); pre-final-order detention by 8 U.S.C. § 1226.

35. In 8 U.S.C. §§ 1226 and 1231 Congress created different, but interrelated, comprehensive frameworks for detaining criminal and non-criminal non-citizens.

36. Section 1226 authorizes the detention of non-citizens during the pendency of removal proceedings and during stay-covered appeals: section 1226(a) controls non-criminal aliens' detentions, while section 1226(c) controls criminal aliens' detentions. *See* 8 U.S.C. § 1226(a)&(c); *see also Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). Once a non-citizen's removal proceedings are completed ICE's detention authority is controlled by section 1231, which also distinguishes between non-criminal and criminal non-citizens. *See* 8 U.S.C. § 1231.

*Section 1226(a) and Non-Criminal Non-citizens*
*During Removal Proceedings*

37. The Attorney General has discretion to detain a non-criminal non-citizen "pending a decision on whether the alien is to be removed from the United States." *See* 8 U.S.C. § 1226(a). The Attorney General may detain the non-citizen for the duration of the removal proceedings or release him on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2).

38. In connection with § 1226(a), the DHS promulgated regulations setting out the process by which a non-criminal non-citizen may obtain release. The regulations provide that, in order to obtain bond or conditional parole, the "alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *See* 8 C.F.R. § 1236.1(c)(8).

*Section 1226(c) and Criminal Non-citizens*
*During Removal Proceedings*

39. Although the Attorney General has broad discretion to release non-criminal non-citizens during the pendency of their removal proceedings, the INA limits the Attorney General's discretion in the case of criminal non-citizens. Specifically, section 1226(c) mandates that "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed [certain specified offenses]." *See* 8 U.S.C. § 1226(c)(1)(B).

40. Section 1226(c) provides that the Attorney General may release a criminal non-citizen "only if" necessary for narrow witness protection purposes. *See* 8 U.S.C. § 1226(c)(2). Under § 1226(c), custody is mandatory for criminal non-

citizens throughout the entirety of their removal proceedings, and there is no statutory possibility for release on bond.

41. Petitioner was never subject to the authority of section 1226(c) as he has no qualifying criminal record.

**Maldonado Bautista Class Membership and Judgment**

42. When Respondents knew that Hon. Judge Sykes in *Maldonado Bautista* declared that Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)[] or 1231" and are entitled to custody redetermination hearings. *See* Final Judgment, *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), Dkt. 94. Respondents, who arrested Petitioner in the interior after decades of residence, knew or should have known that he was not apprehended on arrival, could not be helod under § 1226(c), § 1225(b)(1), or § 1231, and thus was a *Maldonado-Bautist*a member.

43. Independently, the *Maldonado-Bautist*a court required a bond hearing consistent with applicable due process requirements. *See Bautista*, 813 F. Supp. 3d at 1094 (discussing "the due process protections found within § 1226(a)"); see also *Bautista v. Santacruz*, 820 F. Supp. 3d 1016, 1033 (C.D. Cal. 2026) (finding that the Government's noncompliance with court orders requiring it provide 1226(a) bond hearings has led to "detention without due process" and "deprive[d] members of the Bond Eligible Class of their liberty, economic stability, and fundamental dignity"). *see also Carballo v. Andrews*, No. 1:25-cv-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (ordering the government to provide

a post-deprivation bond hearing to § 1226(c) detainee where the government bears the burden of proof).

44. Respondents refused to accord Petitioner his Maldonado-Bautista class membership benefits in violation of the binding class judgment.

**COUNT ONE**

**Detention in Violation of the Fifth Amendment**
**(substantive due process)**
**Against all Defendants**

45. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 44 above.

46. The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. U.S. Const. Amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

47. "Government detention violates the Due Process Clause unless it is ordered in a criminal proceeding with adequate procedural safeguards, or in certain special and non-punitive circumstances 'where a special justification, . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Zavala v. Ridge*, 310 F. Supp. 2d 1071, 1076 (N.D. Cal. 2004) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

48. The U.S. Supreme Court in *Zadvydas* interpreted 8 U.S.C. §1231(a) to allow continued detention only for a period reasonably necessary to secure the person's removal, because any other reading would go beyond the government's articulated

interest–to effect the non-citizen's removal. *See Kay v. Reno*, 94 F.Supp.2d. 546, 551 (M.D. Pa. 2000) (granting writ of habeas corpus, because petitioner's substantive due process rights were violated, and noting that "If deportation can never occur, the government's primary legitimate purpose in detention–executing removal–is nonsensical.")

49. Respondents cannot show any "special justification" or compelling governmental interest which would outweigh Petitioner's constitutional liberty.

**COUNT TWO**
**Procedural Due Process Claim**

50. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 44 above.

51. Petitioner's continued detention is a violation of his Constitutional procedural due process rights.

52. Under the Due Process Clause non-citizens like Petitioner are entitled to a timely and meaningful opportunity to demonstrate that they should not be detained. Petitioner in this case has been denied that opportunity.

53. Petitioner was not afforded either a pre- or a post deprivation hearing that complies with constitutional requirements to address the legality of his detention.

54. Respondents have a uniform policy and practice of not making individualized decisions concerning custody status at the time they take an individual into detention and at the expiration of the statutory removal period and/or when formal requests are made; and when decisions are made, they are not made in a neutral and impartial manner.

55. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision is made or appeal a custody decision that violates *Zadvydas*.

56. Petitioner's private interests affected by Respondents' actions are profound—his physical liberty. The risk of erroneous deprivation of liberty is high because Petitioner is neither a flight risk nor a danger to the community but is subject to potentially indefinite detention.

57. The government's interest in Petitioner's continued punitive administrative detention is minimal.

58. The deprivation of Petitioner's liberty interests far outweighs the government's interest in arrests and continued detention where there is no reasonably foreseeable chance of repatriation at this time.

59. The burden on the Government for the additional process requested by Petitioner, to wit, a notice of continued detention and denial of release, an opportunity to respond, and be heard would be minimal.

60. Petitioner has no other judicial venue to challenge the legality of his detention.

61. Not affording him a judicial forum to challenge the legality of his detention through this habeas corpus proceeding would also violate the Suspension Clause of the U.S. Constitution.

62. Respondents' refusal to afford Petitioner a pre-deprivation hearing is contrary to the agency's constitutional power and obligations under the Fifth Amendment's Due Process Clause, as explained above.

63. Petitioner's continued detention is also not in accordance with the INA and implementing regulations as cited and discussed above.

## COUNT THREE

### Unreasonable Search and Seizure—Detention and Arrest in Violation of the Fourth Amendment Against all Respondents

64. Petitioner repeats and re-alleges the allegations in paragraphs 1 through 44 above.

65. Except at the border and its functional equivalents, the Fourth Amendment prohibits Respondents from conducting a detentive stop to question a person without reasonable suspicion that a person is a noncitizen unlawfully in the United States. *United States v. Sokolow*, 490 U. S. 1, 7 (1989).

66. "A person's mere propinquity to others independently suspected of [unlawful] activity does not, without more, give rise to probable cause to search [or seize] that person." *Perez Cruz v. Barr*, 926 F.3d 1128, 1138 (9th Cir. 2019) (quotation omitted). "'Reasonable suspicion' is no different." *Id*.

67. Respondents have a policy, pattern, and practice of stopping individuals without regard to reasonable suspicion that they are unlawfully in the United States. As a part of Respondents' policy, pattern, and practice, when conducting stops, they engage in a show of force so overwhelming that a reasonable person would not feel free to leave.

As a matter of policy, pattern, and practice, Respondents do not evaluate the need for force or tailor the force they use to the circumstances of individual stops and arrests.

68. In this case Respondents had no objectively reasonable or specifically articulable factual basis to suspect that Petitioner was involved in the commission of any crime, nor did Respondents have any confirmation that Petitioner had committed any deportable crime, posed threat to anyone, nor did they observe Petitioner in possession of any illegal objects, contraband, or weapons.

69. Respondents restrained, detained, and interrogated Petitioner without reasonable suspicion, arrested him without probable cause, and provided no notice to either him or his immigration attorney as to the basis of his detention. The scope and manner of Respondents' actions in detaining, arresting, and interrogating of Petitioner was unreasonable.

70. Respondents' conduct violated Petitioner's right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

71. Petitioner seeks a declaration that Respondents violated his 4th Amendment rights.

72. Petitioner also seeks to set aside Respondents' policy of arresting non-citizens without probable cause and without a warrant. Respondents also permit officers to create post hoc administrative warrants and without issuing notices to appear, thereby violating a clear and mandatory duty imposed by statute and regulations.

## COUNT FOUR
## Violation of 8 U.S.C. § 1357(a)(2) Warrantless Arrests

**Without Probable Cause of Flight Risk against All Respondents**

73. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 44 above.

74. 8 U.S.C. § 1357(a)(2) requires that arrests without a warrant be accompanied by "reason to believe" that an individual is "likely to escape before a warrant can be obtained for [their] arrest."

75. Respondents arrested Petitioner without any warrant and without making an individualized determination of flight risk. In fact, Respondents have no mechanism for ensuring agents' compliance with the statutory limits on warrantless arrest authority and do not provide guidance or training to agents and officers on how to make an individualized determination of likelihood of escape. Respondents permit agents and officers to make warrantless arrests at whim and in violation of law.

**COUNT FIVE**

**Violation of 8 C.F.R. § 287.8(c)(2)(ii) against All Respondents**

76. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 44 above.

77. By regulation Respondents are required to conform warrantless arrests to the standards in 8 C.F.R. § 287.8(c), including the requirement of 8 C.F.R. § 287.8(c)(2)(ii) that officers have reason to believe that an individual is "likely to escape before a warrant can be obtained."

78. Respondents arrested Petitioner without any warrant and without making an individualized determination of flight risk.

79. In fact, Respondents have no mechanism for ensuring agents' compliance with the statutory limits on warrantless arrest authority and do not provide guidance to agents and officers on how to make an individualized determination of likelihood of escape. Respondents permit agents and officers to make warrantless arrests at whim and in violation of law.

**COUNT SIX**
**(Violation of the Maldonado-Bautista Class Judgment)**
**Against All Defendants**

80. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 44 above.

81. Petitioner is a member of the *Maldonado-Bautista* class and the beneficiary of a binding Class judgment.

82. Petitioner has been denied his class membership including a constitutionally adequate bond hearing under the terms of the Class judgment, including a post deprivation custody hearing where Respondents bear the burden on the issue of flight risk and dangerousness.

83. Respondents' actions against this Petitioner are barred by *res judicata*.

84. Respondents' non-compliance with the *Maldonado-Bautista* judgment and directive require Petitioner's immediate release. See Reyes v. Santacruz, Jr., No. ED CV 26-3394-E, 2026 WL 2069974, at *2 (C.D. Cal. July 13, 2026) *Rodas-Dieguez v. Noem*, No. 3:26-cv-00976-RBM-MMP, 2026 WL 549910, at *1 (S.D. Cal. Feb. 26, 2026); *Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); *Moctezuma v. Henkey*, No. 1:25-cv-00741- BLW, 2026

WL 18809, at *5 (D. Idaho Jan. 2, 2026) (observing that "[i]n recent months, courts across the country have ordered the release of detainees in

85. similar situations" and collecting cases).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Grant this Petitioner's petition and order Petitioner's release pending adjudication on the merits of his removal proceedings; or, in the alternative, order Respondents to afford Petitioner a proper custodial determination before a neutral decision maker;

(3) Issue a Writ of Habeas Corpus on the ground that Petitioner's continued detention violates the Due Process Clause and order Petitioner's immediate release under reasonable conditions of supervision;

(4) In the alternative, issue injunctive relief ordering Respondents to immediately release Petitioner, on the ground that his continued detention violates his constitutional due process rights;

(5) Issue an injunction ordering Respondents not to arrest and re-detain Petitioner without a proper finding that he has committed a violation of the conditions of release or removal has become reasonably foreseeable;

(6) Issue an injunction ordering Respondents not to revoke Petitioner's grant of release without providing prior written notice, an opportunity to respond, and the opportunity to be represented by counsel prior to deprivation of liberty;

(7) Issue an injunction prohibiting the transfer of Petitioner outside of the jurisdictional limits of this Court;

(8) Enter a judgment declaring that Respondents' detention of Petitioner is and will be unauthorized by statute and contrary to law;

(9) Award Petitioner reasonable costs and attorney fees.

Respectfully Submitted by

_____*s/ Nicolette Glazer Esq.*________

Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PETITIONER

VERIFICATION OF COUNSEL

I am counsel for the Petitioner who is detained by ICE outside of the counties in which I maintain my offices and she can't easily receive and return documents. Accordingly, I make this verification for and on behalf of Petitioner for that reason. I have conducted a reasonable investigation into the facts and circumstances in this case. I have interviewed the available witnesses, and I am informed and believe that on that ground I allege the factual matters stated in the foregoing Petition for Habeas Corpus are true and correct to the best of my knowledge. I so declare under penalty of perjury.

_____*s/ Nicolette Glazer Esq.*________

Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PETITIONER

EXHIBIT A

My name is Luis Alonso Benitez Ramos and I am over 18 years old and the following is my declaration is truth and correct to the best of my knowledge

1. My name is Luis Alonso Benitez Ramos
2. I am from El Salvador.
3. I am ~~20~~ years old. 47.
4. I have entered in the United States over 15 years ago.
5. I escaped from my country because I have fear to return to my country.
6. On 8/1/2026 around 7 to 8 in the morning, a normal morning like any other day. I was walking my dog. There were 2 black SUV parked outside my house. I thought they were normal neighbor's cars. I have been paying attention to my phone since I was a DoorDash driver and I was accepting orders. I was told to go to a Vons supermarket at Camarillo to pick up an order to deliver to my customer. I went back home and got into my car and headed to Von's grocery store.
7. When I entered the Vons grocery store, the black SUVs who followed me from the beginning, intercepted me. One of them hit my car intentionally from behind. My car's rear bumper has a small dent due to this incident. ~~So we exchanged information and I provided them with my driver license.~~ Those people from the car told me I had an arrest warrant. They didn't identify who they were and the cars were unmarked. Those people immediately took my documents and handcuffed me. I was shocked and asked what was going on and who were they. I asked them where the arrest warrant was. They didn't respond but took me to one of their cars. They didn't care about my own car and my car was abandoned at the Von supermarket.
8. They took me to the federal building at Los Angeles and then transferred me to Adelanto Detention Center.
9. I am very sick now at detention center. I am very depressed and cannot eat because of all this. It is very crowded inside. I have a cold and headaches and receive no treatment. I have so much fear inside and I worry so much about my life.
10. There are a lot of people together stayed in the same room.
11. They gave us food that is not eatable at all. A lot of times they are rotten.
12. I am very depressed and I am under a lot of stress inside.
13. I could not sleep because of my medical condition. It is a nightmare to me about what happened on 8/1/2026. I came to this country to seek refugee because of the country condition in my country. I never expected to have those inhuman treatments like this. When I slept at night, I would have nightmare about what happened on 8/1/2026
14. I miss my family.
15. I feel very helpless and vulnerable under this circumstances and I am so afraid of my life if I continue to stay inside.
16. I need to get out of there since my family needs me.
17. I miss my family and I need your help

Luis Alonso Benitez Ramos
____________________________

I, Vanessa Saenz, prepared the contents of the above declaration at the request and with the permission of Luis Alonso Benitez Ramos. I am competent in interpreting from English to Spanish. I read the information contained herein to the Petitioner in Spanish to the best of my ability. The Petitioner confirmed to me that all the translated information from Spanish to English and vice versa in this document is true and correct and adopted the contents of the declaration as his own. Luis Alonso Benitez Ramos unequivocally authorized me to affix his name as an indication of approval and adoption as she is detained and cannot receive and send documents easily.

I declare under penalty of perjury on 09/14/2026

______________________

Allegations: Admits All; | Charges: Concedes All;
Designated Country: EL SALVADOR |

EXHIBIT B

**U.S. Department of Homeland Security**

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

File No:A213185445

In the Matter of:

Respondent: LUIS ALONSO BENITEZ RAMOS currently residing at:

950 WEST KAMALA ST, OXNARD, CA 93033 (831) 794-0411

(Number, street, city and ZIP code) (Area code and phone number)

[ ] 1. You are an arriving alien.
[X] 2. You are an alien present in the United States who has not been admitted or paroled.
[ ] 3. You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that:

1. You are not a citizen or national of the United States.
2. You are a native of El Salvador and a citizen of El Salvador
3. You entered the United States at or near UNKNOWN POE on or about UNKNOWN DOE
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

RECEIVED
DEPARTMENT OF JUSTICE
EOIR

OCT 15 2019

IMMIGRATION COURT
606 S. OLIVE ST 15TH FLOOR
LOS ANGELES, CA

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.
[ ] Section 235(b)(1) order was vacated pursuant to: [ ] 8CFR 208.30 [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

606 SOUTH OLIVE ST., 15th FLOOR LOS ANGELES, CA 90014

*(Complete Address of Immigration Court, including Room Number, if any)*

on OCT 29 2019 at 8:00AM to show why you should not be removed from the United States based on the
*(Date)* *(Time)*

charge(s) set forth above.

[signature] SAO
*(Signature and Title of Issuing Officer)*

Date: OCT 04 2019 Tustin CA
*(City and State)*



EOIR – 1 of 2

Exh. 1 - Adm.

Allegations: Admits All; | Charges: Concedes All;
Designated Country: EL SALVADOR

**Notice to Respondent**

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents, which you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departure voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the DHS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the Department of Homeland Security immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act (the Act).

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise DHS by calling the ICE Law Enforcement Support Center toll free at (855)448-6903.

**Request for Prompt Hearing**

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office of Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: ______________________

*(Signature of Respondent)*

Date: ______________________

______________________
*(Signature and Title of Immigration Officer)*

**Certificate of Service**

This Notice To Appear was served on the respondent by me on OCT 0 7 2019, in the following manner and in compliance with section 239(a)(1) of the Act.

[√] In person [ ] by certified mail, returned receipt # ______________ requested [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[ X ] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the ENGLISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

[signature]
*(Signature of Respondent if Personally Served)*

Maria Morales, IA
*(Signature and Title of Officer)*



EOIR – 2 of 2

Exh. 1 - Adm.

EXHIBIT C

U.S. Department of Homeland Security Subject ID : 403190067 **Record of Deportable/Inadmissible Alien**

| | | | |
|---|---|---|---|
| Family Name (CAPS) First Middle: BENITEZ RAMOS, LUIS ALONSO | | | Sex: M · Hair: BLK · Eyes: BRO · Cmplxn: MBR |
| Country of Citizenship: EL SALVADOR | Passport Number and Country of Issue: | File Number: VEN2608000001 213 185 445 | Height: 65 · Weight: 165 · Occupation: See Narrative |
| U.S. Address: 1179 CAMBRIA CT CAMARILLO, CALIFORNIA, 93010, UNITED STATES | | | Scars and Marks: |
| Date, Place, Time, and Manner of Last Entry: Unknown Date Unknown Time, WI-Without Inspection | | Passenger Boarded at: | F.B.I. Number: 1KJV8CJWP · ☐ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
| Number, Street, City, Province (State) and Country of Permanent Residence: | | | Method of Location/Apprehension: NCA |
| Date of Birth: [redacted]979 Age: 47 | Date of Action: 08/01/2026 | Location Code: VEN/LOS | At/Near: See I-831 · Date/Hour: 08/01/2026 07:10 |
| City, Province (State) and Country of Birth: CABANAS , EL SALVADOR | AR ☒ | Form: (Type and No.) Lifted ☐ Not Lifted ☐ | By: S 11330 CASTILLO |
| NIV Issuing Post and NIV Number: | Social Security Account Name: LUIS ALONSO BENITEZ RAMOS | | Status at Entry: · Status When Found: |
| Date Visa Issued: | Social Security Number: 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 | | Length of Time Illegally in U.S.: |
| Immigration Record: POSITIVE - See Narrative | Criminal Record: | | |
| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate): | | | Number and Nationality of Minor Children: None |
| Father's Name, Nationality, and Address, if Known: BENITEZ, VALENTIN NATIONALITY: EL SALVADOR | Mother's Present and Maiden Names, Nationality, and Address, if Known: RAMOS, FELIZITA NATIONALITY: EL SALVADOR | | |
| Monies Due/Property in U.S. Not in Immediate Possession: None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks: See Narrative | Charge Code Words(s): See Narrative |
| Name and Address of (Last)(Current) U.S. Employer: See Narrative | Type of Employment: Other Unrelated | Salary: | Employed from/to: 01/01/2026 |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN: 1289174647 Left Index fingerprint Right Index fingerprint





Body Worn Camera (BWC) Information
------------------------------------
BWC footage was recorded for this enforcement activity.

FAMILY INFORMATION
------------------
Father:BENITEZ, VALENTIN is a citizen of EL SALVADOR.
Mother:RAMOS, FELIZITA is a citizen of EL SALVADOR.
Child:Subject does not have children or dependents.
...(CONTINUED ON I-831)

Alien has been advised of communication privileges 8/01/26 SC (Date/Initials)

S 11330 CASTILLO
Deportation Officer
(Signature and Title of Immigration Officer)

Distribution

Received: (Subject and Documents) (Report of Interview)

Officer: S 11330 CASTILLO

on: August 1, 2026 (time)

Disposition: Warrant of Arrest/Notice to Appear

Examining Officer: KIRKSEY, D. 3940

Form I-213 (Rev. 08/01/07)

EOIR – 3 of 117

U.S. Department of Homeland Security

**Continuation Page for Form** I-213

| Alien's Name | File Number | Date |
|---|---|---|
| BENITEZ RAMOS, LUIS ALONSO | 213 185 445<br>Event No: VEN2608000001 | 08/01/2026 |

IMMIGRATION RECORD

SUBJECT HEALTH STATUS

The subject claims good health.

CURRENT ADMINISTRATIVE CHARGES

08/01/2026 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)

RECORDS CHECKED

CIS checked on 08/01/2026 with Positive result.EARM checked on 08/01/2026 with Positive result.IAFIS checked on 08/01/2026 with Positive result.NCIC checked on 08/01/2026 with Negative result.TECS checked on 08/01/2026 with Positive result.

OCCUPATION

DELIVERY DRIVER

NAME AND ADDRESS OF US EMPLOYER

DOOR DASH , 303 2ND ST SAN FRANCISCO, CALIFORNIA, 94107, UNITED STATES

ARRESTED AT/NEAR

940 ARNEILL RD, CAMARILLO, CALIFORNIA, UNITED STATES

RECORD OF DEPORTABLE/EXCLUDABLE ALIEN:

Name: Benitez Ramos, Luis Alonso
A213 185 445
DOB: January 13, 1979
COC: El Salvador
FBI: 1KJV8CJWP
DNA: F5005175

Method of encounter/location:
On August 01, 2026, members of the VEN A Team, including Deportation Officers S. Castillo, D. Robison, S. Becker, and O. Garcia, and F. Bienz conducted a targeted enforcement operation in Camarillo, California, pursuant to an approved Field Operations Worksheet and a signed Warrant for Arrest of Alien, Form I 200, for subject Benitez Ramos, Luis Alonso, A213 185 445. The operational objective was to locate and arrest the subject at his known residence, 1179 Cambria Ct, Camarillo, CA 93010. All officers were operating in an official ICE Enforcement and Removal Operations capacity and were wearing clearly visible ICE POLICE gear, including vests, patches, badges, and placards.

During surveillance at or near 1179 Cambria Ct, officers observed the subject exit the residence and enter a vehicle that is registered to Benitez Ramos, Luis Alonso. The subject's appearance matched photographs and biographical information on file for A213 185 445. VEN team followed the vehicle as it departed the residence. At approximately 0707 hours, officers conducted a vehicle stop in the Vons parking lot located at 940 Arneill Rd, Camarillo, CA 93010. Unmarked ICE POLICE vehicles activated red and blue emergency lights, and officers approached the vehicle on foot.

| Signature | Title |
|---|---|
| S 11330 CASTILLO | Deportation Officer |

2 of 3 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security | Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| BENITEZ RAMOS, LUIS ALONSO | 213 185 445<br>Event No: VEN2608000001 | 08/01/2026 |

Officers identified themselves as ICE, Immigration, Police, and Deportation Officers and informed the subject that they were conducting an immigration enforcement action. When asked to identify themself, the driver displayed a California Driver's license bearing the name Benitez Ramos, Luis Alonso, DOB 01/13/1979. Benitez will hereafter be referred to as "subject". At approximately 0710 hours the subject was placed under arrest and transported without incident to the ICE ERO VEN facility located at 321 Cortez Circle, Camarillo, CA 93012, for processing.

IMMIGRATION HISTORY:
Subject admitted to illegally crossing the international boundary without being inspected by an Immigration Officer at a designated Port of Entry at an unknown place and unknown time. Subject claims to be a citizen and national of El Salvador without the necessary legal documents to enter, pass through, or to remain in the United States. Subject is inadmissible pursuant to section 212(a)(6)(A)(i)(I) of the INA.
On October 04, 2019, Subject was served with an I-862 (Notice to Appear).
On September 05, 2023, an Immigration Judge out of Van Nuys dismissed the case and any applications for relief before the Court hereby deemed withdrawn without prejudice.

CRIMINAL HISTORY:
On October 02, 2025, Subject was arrested by Oxnard Police Department for INFL CRPL INJ: SPOUSE/COHAB/DATE (273.5(A) PC).
On October 02, 2025, The Pacific Enforcement Response Center issued a I-247G detainer which was not honored.

ADDITIONAL INFORMATION:
ERO Los Angeles advised the subject once in custody of his rights to communicate with the consular or diplomatic official from his country of citizenship (El Salvador) as per Article 36(a)(b) of the Vienna Convention of Consular Relations.

Subject claims that his mother and father are citizens of El Salvador.
Subject stated that he has never served in the United States Military.
Subject claims to be single.
Subject claims no affiliation with any street gangs.
Subject claims to work as a DoorDash food delivery driver.
Subject claims overall good health.

CASE DISPOSITION:
Deportation Officer S. Castillo served subject with Form I-200, Warrant for Arrest of Alien, Form I-862, Notice to Appear, I-286 Notice of Custody Determination, I-826 Notice of Rights and Request for Disposition, and Orantes form.

OTHER IDENTIFYING NUMBERS
-------------------------
ALIEN-213185445
State Criminal Number/State Bureau Number-CA43398690 (UNITED STATES)
Driver's License (State and Country)-Y7272132 (UNITED STATES)

| Signature | Title |
|---|---|
| S 11330 CASTILLO | Deportation Officer |

3 of 3 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

EOIR — 5 of 117

THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/1KJV8CJWP. INDIVIDUAL'S RECORD WILL BE
COMPLETE WHEN ALL RESPONSES ARE RECEIVED FROM THE FOLLOWING SOURCES:
FBI - FBI/1KJV8CJWP
CALIFORNIA - STATE ID/CA43398690
END
CR.WVFBINF00
12:16 08/01/2026 99432
12:16 08/01/2026 46679 [redacted]

[redacted] CRIMINAL HISTORY RECORD ***********************

*************************** Introduction ***************************

This rap sheet was produced in response to the following request:

FBI Number 1KJV8CJWP
Request Id [redacted]
Purpose Code
Attention [redacted]

The information in this rap sheet is subject to the following caveats:

This record is based only on the FBI number in your request-UCN:
1KJV8CJWP Because additions or deletions may be made at any time, a new
copy should be requested when needed for subsequent use.(US;
2026-08-01)

All entries contained in this FBI record are based on fingerprint
comparisons and pertain to the same individual.(US; 2026-08-01)

The use of this record is regulated by law. It is provided for official
use only and may be used only for the purpose requested.(US;
2026-08-01)

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
* FEDERAL DEOXYRIBONUCLEIC ACID (DNA) INDICATOR * * * * DNA NOT IN
CODIS - COLLECT DNA * * * - - - - - - - - - - - - - - - - - - - - - - - -
\- - - - - - - - - - - - - -(US; 2026-08-01)

************************** IDENTIFICATION **************************

Subject Name(s)

BENITEZ RAMOS, LUIS ALONSO
BENITEZ RAMOS, LUIS (AKA)

Subject Description

| | | |
|---|---|---|
| FBI Number<br>1KJV8CJWP | State Id Number<br>CA43398690 (CA) | |
| Social Security Number<br>099999999 | | |
| Miscellaneous Numbers<br>213185445<br>1289174647 | | <br>AR<br>FN |
| Sex<br>Male | Race<br>White | |
| Height<br>5'07" | Weight<br>160 | Date of Birth<br>1979-01-13 |
| Hair Color<br>Black | Eye Color<br>Brown | Fingerprint Pattern<br>RSAURSLSAULSLSAUAUAU (Other) |
| Place of Birth<br>El Salvador | Citizenship<br>El Salvador | |

Unknown

Fingerprint Images
(No Fingerprint Image Transmitted
Comment:)
Fingerprint Image Available FBI-CJIS DIV-CLRKSBG CLARKSBURG WVFBINF00
Capture Date 2026-08-01
(No Fingerprint Image Transmitted
Comment:BSI: 40672352367)

Photo Images
Photo Image Available FBI-CJIS DIV-CLRKSBG CLARKSBURG WVFBINF00
Available Image Other
Capture Date 2026-08-01
(No Photo Image Transmitted
Comment:BSI: 40672352366)

************************* CRIMINAL HISTORY *************************

============================== Cycle 001 ==============================
Earliest Event Date 2026-08-01
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Arrest Date 2026-08-01
Arrest Case Number 11132381151
Arresting Agency CAICE2400 US DHS ERO LOS ANGELES
Subject's Name BENITEZ RAMOS,LUIS ALONSO
Charge 1
Charge Literal 212A6AI ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAS)
Severity Unknown
************************* INDEX OF AGENCIES *************************

Agency US DHS ERO; CAICE2400;
Agency Telephone [redacted]
Agency Email Address

Address [redacted]

* * * END OF RECORD * * *
CR.CAIII0000
12:16 08/01/2026 36860
12:16 08/01/2026 46684 [redacted]
[redacted] CRIMINAL HISTORY RECORD **********************

**************************** Introduction ****************************

This rap sheet was produced in response to the following request:

State Id Number 43398690 ()
Purpose Code C
Attention [redacted]

The information in this rap sheet is subject to the following caveats:

RESTRICTED - DO NOT USE FOR EMPLOYMENT, LICENSING, PLACEMENT OR CERTIFICATION PURPOSES(CA; 2026-08-01)

** PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
[redacted]

*************************** IDENTIFICATION ***************************

Subject Name(s)

BENITEZRAMOS, LUIS

Subject Description

FBI Number State Id Number

EOIR – 7 of 117

1KJV8CJWP 43398690

| | | |
|---|---|---|
| Sex | Race | |
| Male | White | |
| Height | Weight | Date of Birth |
| 5'05" | 165 | 1979-0[redacted] |
| Hair Color | Eye Color | |
| Black | Brown | |
| Place of Birth | Citizenship | Ethnicity |
| EL SALVADOR | UNKNOWN | Hispanic Or Latino |

************************** CRIMINAL HISTORY **************************

=============================== Cycle 001 ==============================
Earliest Event Date 2025-10-02
------------------------------------------------------------------------
Arrest Date 2025-10-02
Arrest Case Number 2225022-6478584
Arresting Agency CA0560000 CASOVENTURA
Arresting Agency CA0560400 CAPDOXNARD
Subject's Name BENITEZ RAMOS,LUIS
Comment(s) ARREST/DETAINED/CITED
Charge 1
Statute INFL CRPL INJ:SPOUSE/COHAB/DATE (273.5(A) PC )
State Offense Code 38080
Severity Felony

********************** NON CRIMINAL INFORMATION **********************

************************* INDEX OF AGENCIES **************************

Agency CAPDOXNARD; CA0560400;

------------------------------------------------------------------------
Agency CASOVENTURA; CA0560000;

* * * END OF RECORD * * *

EOIR — 8 of 117

SENSUNTEPEQUE

*Registro del Estado Familiar*
*Alcaldía Municipal de Sensuntepeque*
*Departamento de Cabañas*

**El Infrascrito Jefe del Registro del Estado Familiar**

CERTIFICA: que a página CUARENTA Y CUATRO del tomo UNO del Libro de Partidas de Nacimiento Número OCHENTA que esta Oficina llevó en el año de mil novecientos setenta y nueve , se encuentra asentada la que literalmente dice: Partida Número ochenta y seis LUIS ALONSO BENITEZ, varón, nacio a las cinco horas del día trece del corriente mes, en el Centro de Salud de esta ciudad, siendo hijo de Valentin Benitez y Felicitas Ramos, el primero jornalero, la segunda de oficios domésticos, ambos de este origen y domicilio, residentes en el cantón mencionado y de nacionalidad salvadoreña. Dio datos el padre del inscrito y exhibió su cédula de identidad personal número seis mil doscientos noventa y siete, expedida en esta Alcaldía y no firma por no saber, pero a su ruego lo hace Deysi Aguirre junto con la infrascrita Jefe del Registro Civil. Sensuntepeque, veintidos de enero de mil novecietos setenta y nueve. D. G. Echeverría Jefe del Registro Civil. D, Aguirre.- """""""""""""""""""""""""""""""""RUBRICADAS """""""""""""""""""" Es conforme con su original con el cual se confrontó y para los efectos de Ley se expide la presente en la Oficina del Registro del Estado Familiar Alcaldía Municipal de Sensuntepeque el día cuatro de julio de dos mil dieciséis /////.-

ALCALDIA MUNICIPAL SENSUNTEPEQUE, DEPTO. DE CABAÑAS REGISTRO DEL ESTADO FAMILIAR

Lic. Carlos Antonio Montalvo
Jefe del Registro del Estado Familiar.

EOIR — 223 of 117



*Avenida Libertad y Calle Dr. Jesús Velasco # 2 Barrio San Antonio PBX: 2325 - 7900, E-mail: alcaldiasensunte@gmail.com*

EXHIBIT D

DAVID BAGDASRIAN, ESQ.
Los Angeles, CA 90010
3580 Wilshire Blvd, Suite 900
Tel: (818) 599 3835

Attorney for Respondent

**UNITED STATES DEPARTMENT OF JUSTICE**

**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

**IMMIGRATION COURT,**

**VAN NUYS, CA**

| | |
|---|---|
| In the matter of:<br><br>LUIS BENITEZ RAMOS,<br><br>Respondent | File No. A213 185 445 |

**Before Immigration Judge: MARCUS** **Next hearing: 09/7/23**

**UNOPPOSED MOTION TO DISMISS PROCEEDINGS WITHOUT PREJUDICE**

The Respondent, through the undersigned counsel, hereby moves this court to dismiss removal proceedings without prejudice in light of EOIR policy memorandum 21-25, Effect of Department of Homeland Security Enforcement Priorities (06/11/21).

1. Respondent was last before this Court on 09/20/22 and sought relief for I-589 asylum, withholding of removal and CAT application.
2. Respondent's Merits hearing date is scheduled for 09/7/23
3. DHS has agreed to join this motion to dismiss without prejudice, see attached email from DHS.

Wherefore , Respondent moves that the Court dismiss removal proceedings without prejudice .

Date: 09/1/23

Respectfully submitted

DAVID BAGDASARIAN, ESQ.
Attorney for Respondent

LUIS BENITEZ RAMOS
(Name of alien or aliens)

A213 185 445
("A number" of alien or aliens)

**PROOF OF SERVICE**

On 09/1/123 (Date), I, David Bagdasarian (Printed name of person signing below)

served a copy of this UNOPPOSED Motion to /Dismiss (name of document)

and any attached pages to Office of the Chief of Counsel (name of party served)

at the following address: 606 s Olive Street 8 floor LOS ANGELES CA 90014 (address of party served)

by U.S Certified Mail (method of service)

(signature)

EOIR – 33 of 117

# RE: PD REQUEST A 213 185 445 JUDGE : MARTUS MERITS: 09/7/23

From: Kehoe, Cormac (cormac.kehoe@ice.dhs.gov)

To: david.bagdasarian@yahoo.com

Date: Friday, September 1, 2023 at 11:41 AM PDT

Counselor,

Our position would not change unless something new came to light. I just ran his rap and it's clean. The Department is amenable to Dismissal Without Prejudice. If you wanted to file an unopposed motion to that effect, you may use this email as proof of DHS's position on the matter.

Regards,

**Cormac Kehoe**
Assistant Chief Counsel
Office of the Principal Legal Advisor
Immigration and Customs Enforcement
Department of Homeland Security
606 S. Olive Street
Los Angeles, CA 90014
Cormac.Kehoe@ice.dhs.gov

*** Warning *** Attorney/Client Privilege *** Attorney Work Product *** This document contains confidential and/or sensitive attorney/client privileged information or attorney work product and is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient. Please notify the sender if this email has been misdirected and immediately destroy all originals and copies. Any disclosure of this document must be approved by the Office of the Principal Legal Advisor, U.S. Immigration & Customs Enforcement. This document is for INTERNAL GOVERNMENT USE ONLY. FOIA exempt under 5 U.S.C. § 552(b)(5).

**From:** David Bagdasarian <david.bagdasarian@yahoo.com>
**Sent:** Friday, September 1, 2023 11:28 AM
**To:** Kehoe, Cormac <cormac.kehoe@ice.dhs.gov>
**Subject:** PD REQUEST A 213 185 445 JUDGE : MARTUS MERITS: 09/7/23

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

GREETINGS

DAVID BAGDASARIAN

Uploaded on: 08/31/2026 at 04:39:38 PM (Pacific Daylight Time) Base City: ADL

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**LOS ANGELES - VAN NUYS BOULEVARD IMMIGRATION COURT**

Respondent Name:
BENITEZ RAMOS, LUIS ALONSO

To:

Bagdasarian, David
3580 Wilshire Blvd, Suite 900
Los Angeles, CA 90010

A-Number:
213185445

Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security

Date:
09/05/2023

**ORDER ON MOTION TO DISMISS**

☒ The Respondent ☐ the Department of Homeland Security ☐ the parties jointly has/have filed a motion to dismiss these proceedings under 8 CFR 1239.2(c). The moving party has given notice of the motion to the non-moving party and the court has provided the non-moving party with an opportunity to respond. The motion is ☐ opposed ☒ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to dismiss is:

☒ Granted without prejudice
☐ Denied

Further explanation:

Respondent presents written Unopposed Motion to Dismiss Without Prejudice (Motion). Evidence submitted indicates that DHS does not oppose and agrees with the request for dismissal. Accordingly, based on evidence in the record, the Court finds sufficient good cause and legal bases presented in support of dismissing the matter. 8 C.F.R. § 1239.2(c) (setting forth legal grounds for dismissal upon which dismissal may be effectuated). Motion is hereby granted without prejudice to either side. All pending applications for relief before the Court are hereby deemed withdrawn without prejudice.

IT IS SO ORDERED.

Immigration Judge: MARCUS, STEVEN 09/05/2023

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service

To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen atty/rep. | [ E ] DHS

Respondent Name : BENITEZ RAMOS, LUIS ALONSO | A-Number : 213185445

Riders:

Date: 09/05/2023 By: Rey, Marissa , Court Staff

An official website of the United States government Here's how you know

Report Iss

Person Centric Identity Services

Log out

Home > Identity Search > Identity Results > Identity Details

# Identity Details

8 CFR 208.6 PROTECTED INFORMATION DISCLOSURE AND USE RESTRICTIONS APPLY. View more info.



| Last Name | First Name | Middle Name |
|---|---|---|
| **BENITEZ RAMOS** | **LUIS** | **ALONSO** |
| DOB | COB | COC |
| 01/13/1979 | El Salvador | El Salvador |

**Summary** | Timeline | Details

A-Number
**A213185445** Primary

FIN
1289174647

SSN
131296469

UCN
1KJV8CJWP

USCIS Online Account #
045560171876

Passport #
B00110350

Driver's License #
--

| Alias Last Name(s) | Alias First Name(s) | Alias Middle Name(s) |
|---|---|---|
| BENITEZ RAMOS | LUIS | NMN |
| BENITEZ | LUIS | NMN |
| RAMOS | LUIS | NMN |
| BENITEZ RAMOS | LUIS ALONSO | NMN |
| BENITEZ-RAMOS | LUIS | NMN |
| BENITEZ | LUIS | ALONSO |

| Sex | Race | Ethnicity | Date of Death |
|---|---|---|---|
| M | W | -- | -- |
| Height | Weight | Hair Color | Eye Color |
| 0 feet 0 inches | 000 pounds | BLK | BRO |

## Immigration Status

| Immigration Status | Grant Date | COA/POL | COA Description |
|---|---|---|---|
| No Status | 05/28/2008 | IJ | REFERRED TO IMMIGRATION JUDGE |
| Port of Entry | Date of Entry | Travel Document # | |
| UNK<br>LAR | 05/15/2008<br>05/28/2008 | -- | |
| EOIR Record? | Denaturalization Status | | |
| Yes Check status in EOIR | -- | | |

## Citizenship/Naturalization Certificate

No Citizenship/Naturalization Certificates available for this identity.

## Benefits History

PCIS is in the process of integrating additional role types (e.g. Petitioner, Sponsor). Data from different systems will be incorporated in phases. Learn which data is currently included.

### As Beneficiary

| Filing Date | Form | Receipt/Case ID | Status | Status Date | COA/POL | Valid Dates | Source | Other Parties in Form |
|---|---|---|---|---|---|---|---|---|
| 03/18/2022 | I-765 | IOE0915632322 | State: Closed<br>Status: Approved<br>Substatus: Card Produced | 05/11/2023 | C08 | 05/05/2023 - 05/04/2025 | ELIS | DAVID BAGDASARIAN (Attorney) |
| 05/11/2020 | I-765 | SRC2090276721 | Approved | 05/18/2020 | C08 | 05/18/2020 - 05/17/2022 | C3 | -- |

| Filing Date | Form | Receipt/Case ID | Status | Status Date | COA/POL | Valid Dates | Source | Other Parties in Form |
|---|---|---|---|---|---|---|---|---|
| 08/07/2019 | I-589 | ZLA1942092390 | Complete | 10/07/2019 | -- | -- | GLOBAL | -- |

## Relationships

Includes familial relationships determined by source system records matched to this identity

| Name | Relationship | Application | Filing Date | Receipt/Case ID | Source System |
|---|---|---|---|---|---|
| FELICITAS RAMOS | Mother | I-765 | 05/11/2020 | SRC2090276721 | C3 |
| VALENTIN BENITEZ | Father | I-765 | 05/11/2020 | SRC2090276721 | C3 |

## Contact Information

MOBILE Phone
831-794-0411

## Current Addresses

### Mailing (+1 more)

| Filing Date | Form | Receipt/Case ID | In Care of | Address | Submitted As | Source |
|---|---|---|---|---|---|---|
| 03/18/2022 | I-765 | IOE0915632322 | DAVID BAGDASARIAN | 3580 WILSHIRE BLVD<br>Apt/Unit: STE 900<br>LOS ANGELES, CA 90010<br>USA | Beneficiary | ELIS |

### Physical (+2 more)

| Filing Date | Form | Receipt/Case ID | In Care of | Address | Submitted As | Source |
|---|---|---|---|---|---|---|
| 03/18/2022 | I-765 | IOE0915632322 | -- | 1179 CAMBRIA CT<br>CAMARILLO, CA 93010<br>USA | Beneficiary | ELIS |

Return to top

Superior Court of California
COUNTY OF VENTURA
Hall of Justice
800 South Victoria Avenue
Ventura, CA 93009

Date: 8/31/2026

The Ventura Superior Court Records Department has completed an adult case search for:

Name: Luis Alonso Benitez Ramos

Date of Birth: [redacted]/1979 Driver's License / ID: none

☐ Civil (Search done by name only) ☐ No civil records were found

☒ Criminal ☒ No criminal records were found

☐ The attached printout(s) represent the _0_ case(s) maintained on the court's case management system(s).

Note: Ventura Superior Court cases not maintained on the court's case management system(s) have been destroyed pursuant to section 68152 of the Government Code. Some destroyed case information may be found **https://oag.ca.gov/fingerprints/security** or **916-227-3849**.

By: ______________________
Andrea, Arroyo, Deputy Clerk

SUPERIOR COURT SEAL VENTURA COUNTY, CALIFORNIA

86

Official Website of the Department of Homeland Security

U.S. Immigration and Customs Enforcement

EXHIBIT E

Report Cri

Main Menu

# Search Results: 1

**LUIS ALONSO BENITEZ RAMOS**

**Country of Birth :** El Salvador

**A-Number:** 213185445

**Status :** In ICE Custody

**State:** CA

**Current Detention Facility**: ADELANTO ICE PROCESSING CENTER

** Click on the Detention Facility name to obtain facility contact information*

BACK TO SEARCH >

## Related Information

### Helpful Info

Status of a Case

About the Detainee Locator

Brochure

ICE ERO Field Offices

ICE Detention Facilities

Privacy Notice

## External Links

Bureau of Prisons Inmate Locator

DHS.gov USA.gov OIG Open Gov FOIA Metrics No Fear Act Site Map Site Policies & Plug-Ins

An official website of the United States government
Here's how you know

EOIR | Automated Case Information

**Court Closures Today** September 19, 2026

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

Home > **BENITEZ RAMOS, LUIS ALONSO (213-185-445)**

EXHIBIT F

# Automated Case Information

## Name: BENITEZ RAMOS, LUIS ALONSO | A-Number: 213-185-445 | Docket Date: 8/3/2026

### Next Hearing Information

Your upcoming **MASTER** hearing is **IN PERSON** on **October 13, 2026** at **8:30 AM**.

**JUDGE**

White, Curtis G.

**COURT ADDRESS**

10250 RANCHO ROAD, SUITE 201A
ADELANTO, CA 92301

## Court Decision and Motion Information

*This case is pending.*

## BIA Case Information

No appeal was received for this case.

## Court Contact Information

If you require further information regarding your case, or wish to file additional documents, please contact the immigration court.

**COURT ADDRESS**
10250 RANCHO RD, SUITE 201A
ADELANTO, CA 92301

**PHONE NUMBER**
(760) 561-6500

Legal Policies & Disclaimers
Social Media

Budget & Performance

Office of the Inspector General

No FEAR Act

For Employees
EOIR Freedom of Information Act (FOIA)

USA.gov

Contact EOIR

EOIR Home

Justice.gov
Immigration Court Online Resource

Contact Technical Support

This site is protected by hCaptcha:

hCaptcha Privacy Policy

hCaptcha Terms of Service

---

Department of Justice | Executive Office for Immigration Review
*5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041*

EOIR | Automated Case Information