UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALONSO BENITEZ RAMOS,<br>Petitioner,<br>v.<br>ACTING WARDEN, ETC., ET AL.,<br>Respondents. | No. ED CV 26-5486-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for a Writ of Habeas Corpus" ("the Petition") on September 19, 2026. Respondents filed an Answer on September 28, 2026. Petitioner did not file a timely Reply.

**BACKGROUND**

Petitioner, a national and citizen of El Salvador, entered the United States without inspection on or about April 15, 2015. An immigration judge dismissed removal proceedings against Petitioner on September 5, 2023, and Petitioner was allowed to remain at liberty

within the United States. Petitioner's residence address was known to immigration authorities. Petitioner has no criminal record.[1] On August 1, 2026, agents of ICE surveilled Petitioner as he left his residence. The agents then arrested and detained Petitioner in a grocery store parking lot while Petitioner was working for a grocery purchase and delivery company. This arrest and detention occurred without prior notice and without affording Petitioner any prompt opportunity to be heard. A month later, on September 1, 2026, an immigration judge conducted a hearing and ordered Petitioner to remain detained. During that hearing, the immigration judge reportedly placed the burden of proof on Petitioner. Petitioner remains in ICE detention.

## SUMMARY OF PARTIES' CONTENTIONS

Petitioner contends, inter alia, that his arrest and detention violated due process. Respondents deny any illegality, contend that the immigration judge's September 1, 2026 order precludes habeas relief and also contend that the Petition should be denied for failure to exhaust administrative remedies.

## DISCUSSION

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. See 28 U.S.C. § 2241(c)(3).

///

[1] The record reflects one arrest, but this arrest produced no criminal charge.

Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's challenge to his detention. See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025). Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE detentions. See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12; Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94. Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews").

An alien previously released from detention on supervision, who then complies with the conditions of that supervision, has a constitutionally protected liberty interest that may require a pre-deprivation hearing prior to re-detention. See, e.g., Singh v. Semaia, 2026 WL 2281009 (C.D. Cal. Aug. 4, 2026); Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025); Im v. Semaia, 2025 WL 4474995, at *3-8 (C.D. Cal. Oct. 30, 2025); Rodriguez Cabrera v. Mattos, 808 F. Supp. 3d 1159 (D. Nev. 2025); accord Pinchi v.

Noem, 813 F. Supp. 3d at 1035-36; Fernandez Lopez v. Wofford, 2025 WL 2959319, at *4-5 (E.D. Cal. Oct. 17, 2025); Noori v. Larose, 2025 WL 2800149, at *4, 9-10 (S.D. Cal. Oct. 1, 2025). In the present case, however, Petitioner evidently was not previously detained and then released on supervision.

An alien not previously detained who builds a substantial life in the United States over a period of years before apprehension also may develop a constitutionally protected liberty interest in remaining undetained. See, e.g., Reyes v. Santacruz, 2026 WL 2069974 (C.D. Cal. July 13, 2026); Ramirez-Serna v. Mullin, 2026 WL 1514337 (C.D. Cal. May 28, 2026); see also Tello Vazquez v. Mullin, 2026 WL 1911507 (W.D. Wash. July 2, 2026); Wu v. Chestnut, 2026 WL 1906294 (E.D. Cal. July 1, 2026); Grigoryan v. Lyons, 2026 WL 2032230 (C.D. Cal. June 16, 2026); Kharitonova v. Albarran, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026). Such an alien almost assuredly has a constitutionally protected liberty interest when the immigration authorities at some point in time made a decision not to detain the alien but to permit the alien to remain at liberty. See, e.g., Kharitonova v. Albarran, 2026 WL 531441, at *2. In the present case, immigration authorities evidently decided to allow Petitioner to remain at liberty following the 2023 dismissal of his removal proceedings. The immigration authorities knew of Petitioner's residence address, but allowed him to remain undetained for years. Then, on August 1, 2026, without prior notice and without providing Petitioner with any prompt opportunity to be heard, ICE abruptly detained Petitioner years after the dismissal of his removal proceedings. ICE thereby violated Petitioner's due process rights. See id.; see also Abdeltawab v. Armant, 2026 WL 1045564 (C.D. Cal. April 13, 2026) (alien has constitutionally protected liberty interest after administrative closure of removal proceedings); Cruz v. Lyons, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (same).[2]

---

[2] Even if the process that would be due as of August 1, 2026, were limited to a prompt, post-detention bond hearing, Petitioner did not receive such a hearing. Rather, the Government maintained Petitioner in detention, without any hearing, for a full month.

Under these circumstances, the appropriate remedy is immediate release, subject to reasonable conditions. See, e.g., Moctezuma v. Henkey, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases); see also Gutierrez v. Knight, 2026 WL 2676676, at *3 (D. Idaho Sept. 11, 2026) ("The fact that Respondents have now reassessed [the petitioner's] custody under § 1226(a) does not erase the period of unlawful detention that preceded that determination").

Contrary to Respondents' contention, the belated bond hearing did not remedy the violation of due process rights Petitioner suffered. See, e.g., Tello Vazquez v. Mullin, 2026 WL 1911507, at *3; Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (immigration judge's post-detention decision to deny bond cannot support continued detention where the underlying arrest and detention violated the petitioner's due process rights); accord Ghulyan v. Semaia, 2026 WL 788213 (C.D. Cal. March 20, 2026); E.A.T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025); see also Moctezuma v. Henkey, 2026 WL 18809, at *5 (collecting cases and noting respondents' "refusal to abandon their unlawful policy").

Moreover, during the belated bond hearing, the immigration judge reportedly placed the burden of proof on Petitioner rather than on the Government. Under the present circumstances, the Government should have had the burden to prove by clear and convincing evidence that Petitioner is an unacceptable danger to the community or an unacceptable risk of flight. See Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024); Aslan v. Semaia, 2026 WL 1722902, at *4 (C.D. Cal. June 11, 2026) (and cases cited therein).

Finally, the Court rejects Respondents' argument that the Court must deny the Petition based on Petitioner's asserted failure to exhaust administrative remedies. The exhaustion requirement is prudential, not jurisdictional. See Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018).

Petitioner should not be required to forestall seeking this Court's assistance until after the Board of Immigration Appeals has completed administrative proceedings. The present Petition claims a deprivation of constitutional due process, a claim not within the jurisdiction of the immigration judge or the Board of Immigration Appeals. "An exception to the exhaustion requirement has been carved for constitutional challenges to . . . [immigration procedures]." Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (citations and quotations omitted). Moreover, requiring Petitioner to remain detained could cause irreparable harm. See Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (irreparable harm in continued detention of aliens under certain circumstances); see also Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies "are inadequate or not efficacious" or where "irreparable injury will result").

**CONCLUSION**

For all of the foregoing reasons, it is ordered that Judgment be entered granting the Petition in part and ordering Respondents to release Petitioner (A# 213-185-445) from detention immediately, subject to reasonable conditions.[3]

DATED: October 2, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner has failed to justify any different or additional form of habeas relief.